United States District Court
Northern District of California

UNITED STATES OF AMERICA,

   Plaintiff,

   v.

CHRISTOPHER MATTHEW CARR,

   Defendant.

Case Nos.: CR 09-0964-DLJ-1 (KAW)

ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

## I.  BACKGROUND

On July 23, 2010, Defendant Christopher Matthew Carr was sentenced to 12 months in custody and three years of supervised release for being a felon in possession of a firearm and ammunition, a class C felony.

On January 29, 2011, Defendant was arrested for driving under the influence of alcohol. The Court modified the conditions of supervision to include 30 days at a residential re-entry center.

On May 2, 2013, Defendant's probation officer filed a petition alleging that Defendant violated the conditions of his supervised release. The alleged violation was the commission of another federal, state or local crime, namely, being a felon in possession of a firearm and ammunition. The Duty Judge found probable cause and issued a no bail warrant for Defendant's arrest on May 9, 2013. Defendant was indicted on new charges of being a felon in possession of a firearm and ammunition in this Court on May 16, 2013.

On May 24, 2013, a hearing was held on the Government's motion to detain Defendant pending his supervised release violation hearing and his trial on the new charges. Defendant was present, in custody, and represented by Assistant Public Defender Joyce Leavitt. Assistant United

DETENTION ORDER
CR 09-0964-DLJ-1 (KAW)

1

States Attorney James Mann appeared on behalf of the Government.  Probation Officer Mark Unalp was also present.  For the reasons stated below, the court orders that Defendant be detained.

## II.  LEGAL ANALYSIS

Defendant's sentence for the Class C felony included a three-year term of supervised release pursuant to 18 U.S.C. § 3583(b).  In so ordering, the Court imposed conditions of supervision, including a condition prohibiting the commission of another federal, state or local crime.

On April 20, 2013, Defendant was arrested for violating California Penal Code § 12021(a) (felon in possession of a firearm).  Oakland Police were conducting surveillance of a property known for drug sales, and an officer observed Defendant put a firearm into a vehicle located in the parking lot.  The firearm, a semi-automatic pistol, was determined to have been stolen.

Because Defendant is charged with a supervised release violation, he has the burden of establishing by clear and convincing evidence that he is not a flight risk or a danger to the community.  Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. 3143.

At the hearing, Defendant proffered that his mother was willing to serve as a surety and would allow him to live with her if he was released.  This alone does not establish, by clear and convincing evidence, that Defendant's future appearances are reasonably assured.  Moreover, Defendant presented no evidence to show that he is not a danger to the community.  Given that Defendant, while on supervised release, has allegedly committed the same crime for which he was originally convicted, he appears to pose a danger to the community.  The Court has no reason to believe that Defendant would not commit the same offense again, if released, as his previous conviction appears to have had no deterrent effect.  In light of the above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the Court finds that Defendant has not established by clear and convincing evidence that he is not a risk of flight or a danger to the community.

DETENTION ORDER
CR 09-0964-DLJ-1 (KAW)

Because Defendant must be detained pending his supervised release revocation hearing, the Court does not address the issue of whether Defendant should also be detained pending trial in his new case.

Therefore, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: May 24, 2013

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR 09-0964-DLJ-1 (KAW)

3